UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Rush,

    Plaintiff,

v.                                                    Case Nos. 10-13742/10-13927
                                                  Honorable Sean F. Cox

HR Staffing Team, LLC,

    Defendant.

_____/

## OPINION & ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff John Rush ("Rush"), proceeding *pro se*, brought this action against his former employer Defendant HR Staffing Team, LLC ("H.R."), alleging violations of the Patriot Act and a violation of his due process rights. The matter is currently before the Court on Defendant's Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6). The Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

H.R. Staffing Team, LLC is a temporary employment agency that provides temporary contract workers to its clients. H.R. employed John Rush, a registered sex offender and convicted felon, as a temporary contract worker in 2008 and 2009.[1] At some point in 2009, Rush's employment with H.R. ended. The parties disagree as to whether H.R. terminated Rush

---

[1] The only detailed factual account of John Rush's employment with H.R. is in H.R.'s April 7, 2011 Motion for Summary.

or if Rush stopped attending work and thus voluntarily quit. The manner in which Rush's employment with HR ended is not relevant to the Court's decision.

Rush filed this action under Case No. 10-13742 on September 20, 2010. (Complaint, Doc. No. 1). The Court granted Rush's application to proceed *in forma paureris* on October 26, 2010.

For unknown reasons, on October 1, 2010, Rush filed a separate, but similar complaint against H.R. under Case No. 10-13927. Because Rush is a *pro se* litigant, this Court construes his second complaint as an amended complaint. Rush did not serve H.R. a copy of the complaint until October 12, 2010. H.R. filed an Answer to Rush's complaint on November 1, 2010. The Court consolidated the two cases on December 16, 2010.[2]

H.R. filed the instant Motion to Dismiss on December 28, 2010. (Doc. No. 15). After a show cause order issued by the Court, Rush filed a "Motion to Show Cause" on February 22, 2011. (Doc. No. 23). The Court construes Rush's "Motion to Show Cause" as a response to H.R.'s Motion to Dismiss.

Although H.R. had sufficiently responded to Rush's complaint, Rush filed a motion for default judgment on January 6, 2011.[3] (Doc. No. 18). On April 5, 2011, H.R. also filed a Motion for Summary Judgment (Doc. No. 42).

## STANDARD

---

[2] All further citations to document numbers in this Opinion & Order will refer to the 10-13742 case unless otherwise noted.

[3] Rush also filed a motion for default judgment in case No. 10-13927 on November 4, 2010. (Doc. No. 8). H.R. filed a response to Rush's motion for default on November 8, 2011. (Doc. No. 9). On November 10, 2011, Rush replied to H.R.'s response. (Doc. No. 12).

A motion to dismiss under FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction comes in two varieties: a facial challenge, which tests the sufficiency of the pleading, or a factual challenge, which, as the name implies, attacks the factual basis for jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Under a facial challenge, the court must accept as true all the allegations in the complaint, and draw all reasonable inferences in favor of the non-moving party. *See Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. On the other hand, in a factual attack, the allegations in the complaint are not presumed true, and a district court may look beyond the pleadings and weigh competing evidence to determine whether subject-matter jurisdiction exists. *Id.*; *RMI Titanium Co.*, 78 F.3d at 1134.

Defendant also brings this motion pursuant to FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). In order for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Dismissal is only proper if, based upon the pleadings, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Twombly*, 550 U.S. at 555.

ANALYSIS

Rush's amended complaint, like his original complaint, is difficult to understand. To the extent that the Court can discern his claims, Rush asserts that H.R. violated provisions of the Patriot Act by failing to conduct a criminal background check before hiring him. In Rush's response to H.R's motion, which is also difficult to follow, Rush seems to make an additional claim that H.R. violated his due process rights.

H.R. contends that Rush's Patriot Act allegation fails to state a basis for federal jurisdiction and also fails to state claim upon which relief can be granted. The Court agrees. Assuming that Rush is alleging a violation of his due process rights, H.R. does not address this claim in its motion. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court will dismiss Rush's due process claim *sua sponte* because Rush fails to state a claim for relief.

First, Rush does not direct the Court to any provision of the Patriot Act, or any other federal authority, that requires private employers to conduct criminal background checks on employees in order to determine whether the employees are registered sex offenders. Nor has the Court found any such provision of the Patriot Act in the course of its own research. Moreover, even if the Act did require employers to conduct criminal background checks, the Patriot Act does not provide for a private right of action for enforcement. *See, e.g. Sanders v. Michigan First Credit Union Tellers*, 2010 WL 3168636 at * 2 (E.D. Mich. Aug. 10, 2010) (Murphy, J.); *Med. Supply Chain, Inc. v. U.S. Bancorp, NA*, 2003 WL 21479192 (D. Kan. June 16, 2003), aff'd, 112 Fed. Appx. 730 (10th Cir. 2004). Therefore, even assuming the facts in Rush's complaint are true, Rush has failed to state a claim for relief under the Patriot Act.

Second, to the extent that Rush is alleging constitutional violations of his due process

rights, a private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority," and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 619 (1991).

Rush's Amended Complaint does not allege that the H.R. is a state actor or that it acted under the color of state law. Accordingly, Rush's due process claim fails and must also be dismissed.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** and all claims asserted against H.R. Staffing Team, LLC are **DISMISSED**.

**IT IS FURTHER ORDERED THAT** Rush's motion for default (Doc. No. 18) and H.R.'s Motion for Summary Judgment (Doc. No. 42) are **DENIED** as moot.

**IT IS SO ORDERED.**


Dated:  May 17, 2011                                S/ Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Court Judge


I hereby certify that on May 17, 2011, the foregoing document was served upon counsel of record by electronic means and upon John Rush by First Class Mail at the address below:

John Rush
4507 Williams Street
Wayne, MI 48184

Dated:  May 17, 2011                                S/ J. Hernandez
                                                    Case Manager